IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP A. VAVRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-321 |
| v. | ) | |
| | ) | Judge David S. Cercone |
| A.K.STEEL CO.; UNIVERSITY OF | ) | Magistrate Judge Lisa Pupo Lenihan |
| MICHIGAN; UNIVERSITY OF MICHIGAN | ) | |
| SCHOOL OF MEDICINE; JAMES W. | ) | Doc. No. 27 |
| ALBERS; STANLEY BERENT; | ) | |
| RAILROAD OCCUPATIONAL INTRA- | ) | |
| INDUSTRY CLAIMS ORGANIZATION; | ) | |
| JOHN AND MARY DOES 1-100; DOE | ) | |
| CORPORATIONS; PARTNERSHIPS OR | ) | |
| OTHER ENTITIES 1-100, | ) | |
| | ) | |
| Defendants. | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.    RECOMMENDATION

It is recommended that Plaintiff's Motion to Strike Defendants' Joint Motion to Dismiss the

Second Amended Complaint pursuant to Rules 7(b)(1) and 12(f), or in the alternative, Motion for

a More Specific Pleading pursuant to Rules 7(b)(1) and 12 (e), be denied.

II.    REPORT

Plaintiff commenced this action against the Defendants on or about March 10, 2005, alleging

violations of the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*

("RICO"), and the Informed Consent Protections codified at 45 C.F.R. § 46.116(d), as well as state

law claims of negligence, fraud, conversion, and intentional infliction of emotional distress. Plaintiff

asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  However, this

Court's subject matter jurisdiction is at issue in this case, and has been challenged by Defendants A.K. Steel Co., the University of Michigan, the University of Michigan School of Medicine, James W. Albers, and Stanley Berent in their Joint Motion to Dismiss the Second Amended Complaint and supporting brief (Doc. Nos. 24 and 25), which is currently pending.

In response to Defendants' Joint Motion to Dismiss, Plaintiff has filed: (1) a Motion to Strike Defendants' Joint Motion to Dismiss the Second Amended Complaint pursuant to Fed.R.Civ.P. 7(b)(1) and 12(f), or in the alternative, a Motion for a Specific Pleading pursuant to Fed.R.Civ.P. 7(b)(1) and 12 (e) (Doc. No. 27); (2) an Answer to Defendants' Joint Motion to Dismiss (Doc. No. 27); and (3) a Request for Oral Argument (Doc. No. 26) on (a) his Motion to Strike Defendants' Joint Motion to Dismiss, or in the alternative, for a More Specific Pleading, and (b) his Answer to Defendants' Joint Motion to Dismiss.  This Report and Recommendation addresses only Plaintiff's Motion to Strike Defendants' Joint Motion to Dismiss the Second Amended Complaint, or in the alternative, a Motion for More Specific Pleading.[1]

II.    STANDARD OF REVIEW

_____The Court possesses considerable discretion in deciding whether to grant a motion to strike a pleading under Rule 12(f).  *Krisa v. Equitable Life Assurance Soc'y,* 109 F.Supp.2d 316, 319 (M.D.Pa. 2000) (citing *North Penn Transfer, Inc. v. Victaulic Co. of America,* 859 F.Supp. 154, 158 (E.D.Pa. 1994)) (other citation omitted).  Federal Rule of Civil Procedure 12(f) provides in pertinent part that a court may strike "from any pleading any insufficient defense or any redundant, immaterial,

---

[1]The Court will rule separately on  Defendants' Joint Motion to Dismiss the Second Amended Complaint after hearing oral argument from the parties on the matters raised in the supporting and opposition briefs, including the Court's subject matter jurisdiction.  *See* Order dated August 3, 2005 scheduling oral argument.

impertinent, or scandalous matter."  As our sister court in the Eastern District notes:

> Motions to strike, however, are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." [*River Road Devel. Corp. V. Carlson Corp. - Northeast,* No. 89-7037, 1990 WL 69085, at *2 (E.D.Pa. May 23, 1990)] *citing* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure at 1382 (1969); *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir. 1986).  "Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice."  *United States v. Consol. Coal Co.,* No. 89-2124, 1991 WL 333694, at *1 (W.D.Pa. July 5, 1991).  "[A] court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" *FDIC v. White,* 828 F.Supp. 304, 307 (D.N.J. 1993), *quoting Cipollone,* 789 F.2d at 188.

*Krisa,* 109 F.Supp. at 319 (quoting *North Penn Transfer, Inc.,* 859 F.Supp. at 158).

With regard to motions for a more definite statement under Rule 12(e), an answering party may move for such relief where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).  Courts have interpreted Rule 12(e) to mean that such motions will be granted only when the allegations rise "to the level of 'unintelligibility' and the answering [party] cannot frame even a 'simple denial in good faith, without prejudice to himself.'" *Tlush v. Manuf. Resource Ctr.,* 315 F.Supp.2d 650, 653 n. 3 (E.D.Pa. 2002) (quoting *Jeremy M. v. Central Bucks Sch. Dist.,* 2001 WL 177185, at *2 (E.D.Pa. Jan. 31, 2001)) (other citation omitted); *see also IKO Monroe, Inc., v. Royal & Sun Allliance Ins. Co. of Canada, Inc.,* No. 00-834, 2001 WL 1568674, at *7 (D.Del. Dec. 7, 2001) (motion for more definite statement should only be granted where the pleading is unintelligible or the issues cannot be determined) (citations omitted).

3

III.    <u>ANALYSIS</u>

In support of his Motion to Strike Defendants' Joint Motion to Dismiss the Second Amended Complaint or, in the alternative, Motion for a More Specific Pleading, Plaintiff submits that Defendant's Joint Motion to Dismiss fails to meet the pleading requirements of Rule 7(b)(1).  While the motion itself does not state the factual and legal bases for dismissing the Second Amended Complaint, Defendants' Brief in Support of their Joint Motion to Dismiss ("Brief") does provide, in substantial and sufficient detail, the factual and legal bases warranting dismissal.  Plaintiff completely overlooks the fact that Defendants specifically refer to the reasons set forth in their Brief as the basis of their request that the Second Amended Complaint be dismissed in its entirety.  Moreover, the Court notes that Plaintiff appears not to have had any difficulty in fashioning his response in opposition to Defendants' Joint Motion to Dismiss and Brief, thereby completely undermining any argument that the motion and brief are so vague or ambiguous, or unintelligible, that he cannot draft a response.

It is common and accepted practice in federal court and in this district to file a one paragraph motion to dismiss incorporating the arguments in an attached supporting brief as the basis for relief.  As a practitioner before this Court, Plaintiff is charged with the duty to know federal court practices and procedures.  Plaintiff shall not burden the Court with such frivolous motions in the future, as they are a waste of judicial resources and cause opposing counsel to expend unnecessary time and expense.  Failure to comport with federal practice and procedures and the Western District Local Rules, including the undersigned's practices and procedures (*see* www.pawd.uscourts.gov/Pages/courtpractice), may result in the imposition of sanctions under Rule 11, including payment of opposing counsel's legal fees to defend any such motion.  Plaintiff is

admonished to review Fed.R.Civ.P. 11, in particular, subsections (b) and (c), prior to filing any future papers with this Court.

Accordingly, because Plaintiff's argument completely lacks merit, the Court recommends that Plaintiff's Motion to Strike Defendants' Joint Motion to Dismiss or, in the alternative, Motion for a More Specific Pleading, be denied.

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Court recommends that Plaintiff's Motion to Strike Defendants' Joint Motion to Dismiss pursuant to Rules 7(b)(1) and 12(f), or in the alternative, Motion for a More Specific Pleading pursuant to Rules 7(b)(1) and 12 (e), be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Report and Recommendation to file objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


Dated: August 3, 2005                                   BY THE COURT:


                                                        __s/Lisa Pupo Lenihan____
                                                        LISA PUPO LENIHAN
                                                        U.S. MAGISTRATE JUDGE


cc:     Honorable David S. Cercone
        United States District Court

George Chada
Workplace Exposure Group
221 Summit Ave.
Natrona Heights, PA 15065-9710

Stephen Houghton
Peter T. Stinson
Justin M. Gottwald
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pgh., PA 15222-5402

James F. Israel
310 Gant St.
Suite 501 Grant Bldg.
Pgh., PA 15219

Jeanette H. Ho
Tyler J. Smith
Pietragallo, Bosick & Gordon
One Oxford Centre, 38th Floor
Pgh., PA 15219