IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP A. VAVRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-321 |
| v. ) | |
| ) | Judge David S. Cercone |
| A.K.STEEL CO.; UNIVERSITY OF ) | Magistrate Judge Lisa Pupo Lenihan |
| MICHIGAN; UNIVERSITY OF MICHIGAN ) | |
| SCHOOL OF MEDICINE; JAMES W. ) | Doc. No. 24 |
| ALBERS; STANLEY BERENT; ) | |
| RAILROAD OCCUPATIONAL INTRA- ) | |
| INDUSTRY CLAIMS ORGANIZATION; ) | |
| JOHN AND MARY DOES 1-100; DOE ) | |
| CORPORATIONS; PARTNERSHIPS OR ) | |
| OTHER ENTITIES 1-100, ) | |
| ) | |
| Defendants. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.   RECOMMENDATION

It is recommended that Defendants' Joint Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 24) be granted and that the Second Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction. It is further recommended that Plaintiff be granted leave to file a Third Amended Complaint setting forth all necessary facts to establish complete diversity jurisdiction within twenty (20) days of the date of the District Court's Order. If no such amended complaint is filed, it is recommended that the District Court enter an order dismissing the case and directing the Clerk of Court to mark the case closed. It is further recommended that Defendants' Joint Motion to Dismiss pursuant to Rule 12(b)(6) be

denied without prejudice[1], and that Defendants be allowed to renew said motion when Plaintiff files a timely amended complaint.

II.     REPORT

Plaintiff commenced this action against the Defendants on or about March 10, 2005, alleging violations of the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* ("HIPAA"), the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and the Informed Consent Protections codified at 45 C.F.R. § 46.116(d), but not seeking recovery for the alleged violations of these statutes and regulation. Rather, Plaintiff seeks recovery under Pennsylvania common law claims of fraud, conversion, civil conspiracy and intentional infliction of emotional distress, based on the alleged statutory and regulatory violations. As he is advancing state common law claims, Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. However, this Court's subject matter jurisdiction is at issue, and the subject of the Joint Motion to Dismiss filed by Defendants A.K. Steel Co., the University of Michigan, the University of Michigan School of Medicine, James W. Albers, and Stanley Berent

---

[1] A federal court may not assume jurisdiction and consider a case on the merits where a facial challenge has been lodged as to the court's jurisdiction. *Society Hill Towers Owners' Ass'n v. Rendell,* 210 F.3d 168, 175 (3d Cir. 2000) (citing *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 93 (1998)). In *Society Hill Towers,* the Court of Appeals noted that the Supreme Court has "cautioned against the practice of assuming jurisdiction and reaching the merits of a dispute merely because a court concludes that the suit can be dismissed on the merits assuming *arguendo* that jurisdiction exists." *Id.* (citing *Steel Co., supra*). Referring to this practice as "hypothetical jurisdiction, the Supreme Court stated "[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment–which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning . . .." 523 U.S. at 101. Moreover, a district court may not dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction in cases alleging a violation of the Constitution or a federal statute where the basis for such dismissal is failure to state a claim upon which relief may be granted. *See Growth Horizons, Inc. v. Delaware County, PA,* 983 F.2d 1277, 1280 (3d Cir. 1993) (citing *Bell v. Hood,* 327 U.S. 678, 682 (1946)). The Defendants are asking this Court to do exactly what the Court of Appeals has admonished courts not to do in *Growth Horizons* with regard to Plaintiff's alleged violations of HIPAA, RICO, and 45 C.F.R. § 46.116(d). As it is bound by controlling precedent, the Court declines Defendants' invitation.

(hereinafter collectively the "Defendants"). Defendants contend that the face of the Second Amended Complaint fails to establish subject matter jurisdiction based on either diversity of citizenship or a federal question. In the alternative, Defendants contend that if the Court determines that subject matter jurisdiction exists over this action, the Second Amended Complaint should nonetheless be dismissed with prejudice for failure to state a claim upon which relief can be granted under Fed.R.Civ. P. 12(b)(6). In opposition, Plaintiff argues that diversity jurisdiction exists or, alternatively, he should be allowed to amend his complaint to allege additional facts to establish diversity jurisdiction. As to his state common law claims, Plaintiff submits that he has sufficiently stated his claims to withstand the Rule 12(b)(6) motion.

  A.  **Standard of Review - Motion to Dismiss**

Defendants have moved to dismiss the Second Amended Complaint in its entirety under Rule 12(b)(1) and, in the alternative, under Rule 12(b)(6). Under Rule 12(b)(1), the movant makes either a facial or factual challenge to the court's subject matter jurisdiction. *Patsakis v. Greek Orthodox Archdiocese of America*, 339 F.Supp.2d 689, (W.D.Pa. 2004) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). In a facial attack, the court must consider the allegations of the complaint as true, similar to a motion to dismiss under Rule 12(b)(6). *Mortensen,* 549 F.2d at 891; *Internat'l Ass'n of Machinists & Aerospace Wrokers v. Northwest Airlines, Inc.,* 673 F.2d 700, 711 (3d Cir. 1982). A factual challenge goes, however, to the court's power to hear the case:

> The factual attack . . . differs greatly for here the trial court may proceed as it never could under 12(b)(6) or *Fed. R.Civ. P. 56.* Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy

> itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.* (citing 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1350 (1969)) (footnote omitted); *see also Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991); *Mortensen, id.*). Thus, in a Rule 12(b)(1) factual challenge, the court must ensure that its ruling is based on an adequate record. *Internat'l Ass'n of Machinists & Aerospace Workers,* 673 F.2d at 711-12. If a defendant presents evidence, in the form of affidavits and/or documentary evidence, challenging the jurisdictional allegations in the complaint, plaintiff must respond with affidavits or other sworn proof of his own to controvert the facts asserted by the defendant. *Id.*

In the case at bar, Defendants appear to be making a facial challenge, as evidenced by their brief in support of the Joint Motion to Dismiss, as well as the fact that they have not produced any affidavits or evidence to disprove any of Plaintiff's factual allegations regarding diversity jurisdiction.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court is required to accept as true all allegations made in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the plaintiff.[2] *See Blaw Knox Ret. Income Plan v. White*

---

[2]Nonetheless, a court is not required to credit bald assertions or legal conclusions in a complaint when deciding a motion to dismiss. *Gaines v. Krawczyk,* 354 F.Supp. 2d 573, 576 (W.D.Pa. 2004) (citing *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)). Consistently, the courts have rejected "'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law' or 'sweeping legal conclusions cast in the form of factual allegations'"[,] in deciding a motion to dismiss pursuant to Rule 12(b)(6). *Id.* (citing *Morse,* 132 F.3d at 906 n. 8 (citing Charles Allen Wright & Arthur R. Miller, *Federal*

*Consol. Indus. Inc.*, 998 F.2d 1185, 1188 (3d Cir. 1993); *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 871 (3d Cir. 1992). The issue is not whether the plaintiff will ultimately prevail, but rather whether "plaintiff can prove any set of facts consistent with the averments of the complaint which would show the plaintiff is entitled to relief." *See Gaines v. Krawczyk,* 354 F.Supp. 2d 573, 576 (W.D.Pa. 2004) (citing *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *See Port Auth. of New York and New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1397 (3d Cir. 1997)); *see also Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir. 2000). Thus, under this standard, a complaint will withstand a motion to dismiss if it gives the defendant adequate notice of the essential elements of a cause of action. *Gaines,* 354 F.Supp. 2d at 576 (citing *Nami v. Fauver,* 82 F.3d 63, 66 (3d Cir. 1996)).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

---

*Practice and Procedure,* § 1357 (2d ed. 1997)); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)).

**B.     Statement of Facts and Procedural History**

Plaintiff, Philip A. Vavro, commenced this action on March 10, 2005, raising state common law claims of fraud, conversion, civil conspiracy, and intentional infliction of emotional distress, as well as alleged violations of HIPAA, RICO, and 45 C.F.R. § 46.116(d). Plaintiff bases this Court's subject matter jurisdiction on diversity of citizenship rather than federal question jurisdiction.

The named Defendants consist of Plaintiff's former employer, A.K. Steel Co.; the expert witnesses in Plaintiff's workers' compensation case, Dr. James Albers and Dr. Stanley Berent (hereinafter the "Doctor Defendants"), who conducted a defense medical examination of Plaintiff; the University of Michigan and its School of Medicine (hereinafter the "University Defendants"), where the Doctor Defendants are alleged to have engaged in the improper conduct; the Railroad Occupational Intra-Industry Claims Organization[3] ("ROIICO"); and certain John and Mary Does 1-100, and Doe Corporations, Partnerships or other entities 1-100.

Plaintiff claims to suffer from toxic encephalopathy ("TSE") attributable to alleged chronic and uncontrolled exposure to solvents while working for A.K Steel Co.[4] Plaintiff's claim for

---

[3] In his Second Amended Complaint, Plaintiff substituted Defendant Railroad Occupational Intra-Industry Claims Organization for Defendant "Joint Defense Agreement." It appears from the docket that Plaintiff has not yet served a copy of the Second Amended Complaint on Defendant ROIICO. When questioned about this at oral argument, Plaintiff indicated that he had not yet served ROIICO because he recently discovered that ROIICO may not be a proper party. Plaintiff's counsel represented to the Court that he now believes ROIICO is a committee of the American Association of Railroads and if allowed leave to amend the complaint, he intends to substitute AAR for ROIICO as the proper party defendant. (Tr. 13-14.)

[4] Although Defendants contend that the injuries claimed in the instant matter are identical to those advanced in the workers' compensation case brought by Plaintiff, a close reading of the Second Amended Complaint, as well as Plaintiff's brief in opposition to the joint motion to dismiss and his representations at oral argument, reveal that his actual injuries here consist of economic losses attributable to the improper denial of his workers' compensation and long-term disability claims, damages from misuse of his personal medical information, and emotional distress (intentionally inflicted). (Tr. 36, 43-44; Second Am. Compl. ¶ 41, Damages ¶¶ 1-4; Pl.'s Br. in Opp'n at 28.) Indeed, Plaintiff submits in his brief in opposition that "this action turns not on whether plaintiff suffered a personal-injury, but whether defendants' violation of 45 C.F.R. § 46.116(d)(1)-(4) and 42 U.S.C. § 1320d-6(a) support counts under theories of negligence, conspiracy, fraud, conversions and [RICO] pursuant to Pennsylvania law." (Pl.'s Br. in Opp'n at 7-8.)

workers' compensation benefits was denied. Plaintiff also filed a claim for long-term disability benefits, which was contested by A.K. Steel and ultimately denied by the LTD referee.

The thrust of Plaintiff's complaint before this Court is that Doctor Defendants used certain personal medical information ("PMI") belonging to Plaintiff, which was allegedly obtained during their defense medical examination of him in the workers' compensation case without his permission in violation of HIPAA and 45 U.S.C. § 46.116(d). Plaintiff further contends that the Doctor Defendants used the PMI for their own benefit and on behalf of ROIICO to successfully defend other workplace TSE claims, including Plaintiff's, and that Defendant A.K. Steel knew that the Doctor Defendants were either part of or paid by ROIICO. Defendant ROIICO is accused of fraudulently obtaining and converting PMI in violation of 45 C.F.R. § 46.116(d) with the intent to defraud TSE claimants of their statutory claim to benefits for work-related injuries caused by exposure to solvents known by ROIICO to cause TSE. (Pl.'s Second Am. Compl. ¶ 37.) Further, Defendants are accused of conspiring to engage in (1) activities designed to defraud and to convert PMI in violation of 45 C.F.R. § 46.116(d), and (2) an enterprise in organized crime in violation of RICO. (Pl.'s Second Am. Compl. ¶¶ 38-39.) In support of his RICO claim, Plaintiff asserts the criminal conduct supporting said claim consists of obtaining and using PMI without the individuals' consent by ROIICO in violation of relevant criminal sections of HIPAA, that the Doctor Defendants, who are "covered entities" under HIPAA, were hired by ROIICO to obtain the PMI, and that members of ROIICO conspired to violate HIPAA and continue to do so by continuing to use Plaintiff's PMI. (Pl.'s Second Am. Compl. ¶ 40.) Plaintiff further avers that as a result of the Defendants' conduct, he has suffered serious personal injuries, including intentionally inflicted emotional distress, as well

as various economic injuries.[5]

In response to Plaintiff's Second Amended Complaint, A.K. Steel Co., the Doctor Defendants, and the University Defendants, have filed a Joint Motion to Dismiss said Complaint in its entirety. Plaintiff has filed a brief in opposition, maintaining that subject matter jurisdiction exists based on diversity of citizenship and that he has sufficiently pled state law claims of negligence, conversion, fraud and conspiracy, as well as a federal civil RICO violation. Defendants filed a Reply Brief in response to Plaintiff's brief in opposition. On September 7, 2005, the Court held oral argument on Defendants' Joint Motion to Dismiss, at which time each side was given an opportunity to fully present their arguments. Subsequently, Defendants filed a Supplemental Brief in Support of Joint Motion to Dismiss on October 11, 2005. In response, Plaintiff filed an Answer to Defendants' Supplemental Brief in Support of Joint Motion to Dismiss on October 25, 2005. Accordingly, Defendants' Joint Motion to Dismiss is now ripe for determination.

**C.     Analysis**

    **1.     Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)**

Plaintiff's Second Amended Complaint clearly states that the basis for this Court's subject matter jurisdiction is diversity of citizenship. (Second Am. Compl. ¶ 8.) Defendants argue that this Court lacks subject matter jurisdiction over this action because Plaintiff has asserted diversity of citizenship as the basis for the Court's subject matter jurisdiction and based on the allegations set

---

[5]Plaintiff also contends his damages include wrongful and intentional denial of treatment and care, and past and future medical bills for treatment and care. (Pl.'s Second Am. Compl. ¶ 40.) To the extent that these damages are the same as those Plaintiff attempted to recover under the Workers' Compensation Act ("WCA") and/or Occupation Disease Act ("ODA"), Plaintiff is precluded from recovering these damages in this case by the exclusivity provisions of the WCA/ODA.

forth in the Second Amended Complaint, complete diversity is lacking.[6]  In support of their facial challenge to diversity of citizenship, Defendants hang their hats on Plaintiff's allegations that Plaintiff resides in Pennsylvania and Defendant A.K. Steel Co. conducts business in Pennsylvania. (Defs.' Br. at 10.)  Defendants also question Plaintiff's attempt to prove diversity based on the citizenship of ROIICO, which is alleged to have a place of business in Florida.  Based on these allegations, Defendants contend complete diversity is lacking.

In response to Defendants' facial challenge, Plaintiff attempts to establish diversity of citizenship by raising new allegations of fact for the first time in his brief in opposition to the joint motion to dismiss.[7]  Specifically, Plaintiff introduces a number of entities not previously identified in any of his complaints, *e.g.,* American Association of Railroads ("AAR"), Kawasaki Steel Corporation ("Kawasaki"), and A.K. Steel "Corporation".  With regard to these entities, Plaintiff represents that Defendant A.K. Steel Co. is owned in part by Kawasaki and A.K. Steel Corporation and therefore, the citizenship of these two corporations is what matters for diversity jurisdiction. (Pl.'s Br. at 6, 19.)  According to Plaintiff, A.K. Steel Corporation is a citizen of the State of Ohio, as it is both incorporated and has its principal place of business in Ohio; Kawasaki is a citizen of the

---

[6]This Court does not reach Defendants' additional argument, that there is no basis for jurisdiction under 28 U.S.C. § 1331 because the Second Amended Complaint fails to allege a cognizable federal question conferring jurisdiction.  A court may not sustain subject matter jurisdiction on a basis that the Plaintiff has not advanced. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 810 n. 6 (1986) (citations omitted); Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3566 at 105 &  n. 69 (1984 and 2005 Supp.) (citing *Merrell Dow, supra*).  Since Plaintiff has not alleged that subject matter jurisdiction exists based on federal question jurisdiction under 28 U.S.C. § 1331, either in his Second Amended Complaint, Brief in Opposition, or at oral argument, the Court will refrain from determining whether federal question jurisdiction exists here.

[7]Although Plaintiff attached numerous documents to his brief in opposition to the joint motion to dismiss, none of those documents relates to the citizenship of the Defendants.  As none of these documents pertains to jurisdiction, the Court has not considered any of Plaintiff's exhibits attached to his brief in opposition in deciding Defendants' Joint Motion to Dismiss, other than those documents that can be characterized as public documents, of which this Court may take judicial notice.  Nor has the Court considered any of Defendants' exhibits attached to their brief in support of the Joint Motion to Dismiss that do not constitute public record.

State of Delaware, as it is a Japanese corporation organized under the laws of Delaware. (Pl.'s Br. at 6, 19.) In addition, Plaintiff contends that diversity jurisdiction now exists because ROIICO is a citizen of the District of Columbia, not the State of Florida, as previously asserted.[8]

In their reply brief, Defendants argue that the Court need not be concerned with Plaintiff's contentions in his brief as to the new entities because the facts essential to show jurisdiction must be contained in his pleading, not raised for the first time in a brief.

Plaintiff correctly states the law regarding diversity of citizenship: In order for complete diversity to exist, no one plaintiff and no one defendant can be citizens of the same state. *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt.,* 316 F.3d 408, 410 (3d Cir. 2003) (citing 28 U.S.C. § 1332(a) (2001); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990)). In addition, the amount in controversy must exceed the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a) (2001). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . .." 28 U.S.C. § 1332(c)(1) (2001). The time for determining whether diversity jurisdiction exists is when the original complaint is filed. *Grand Union Supermarkets,* 316 F.3d at 410 (citing *Smith v. Sperling,* 354 U.S. 91, 93 n.1 (1957); *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995)). Plaintiff bears the burden of proof to establish jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 881 n.16 (3d Cir. 1977); *Gould Elec., Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000) (citing *Kehr Packages,* 926 F.2d at 1409).

---

[8]It appears that Plaintiff misconstrues Defendants' argument when he states that the "Defendants allege that the RIOCO's citizenship destroys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)." (Pl.'s Br. in Opp'n at 18.) Defendants make no such argument. Rather, Defendants contend the citizenship of ROIICO does not impact, one way or another, whether diversity exists between A.K. Steel Co. and Plaintiff. (Defs.' Br. at 10.)

As Defendants have raised a facial challenge, the Court looks only to the allegations contained in Plaintiff's Second Amended Complaint and has determined that they are insufficient to establish the existence of subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  At the time the original complaint was filed in this case, Plaintiff alleged he was a resident of Pennsylvania.  Plaintiff further alleged that Defendant A.K. Steel Co. conducts business in Butler, Pennsylvania. (Pl.'s Second Am. Compl. ¶ 1.)  The University Defendants are alleged to be either operating or doing business in the State of Michigan. (Pl's Second Am. Compl. ¶ 3.) Defendant ROIICO is alleged to be a citizen of the State of Florida and to carry on its business activities in a location or locations near Jacksonville, Florida, under the control of CSX Transportation, Inc. (Pl's Second Am. Compl. ¶¶ 4-5.)  The Doctor Defendants are alleged to have been operating or conducting business directly or indirectly through a fictitious entity in the State of Michigan. (Pl.'s Second Am. Compl. ¶ 6.)

At first blush, it appears that complete diversity is lacking because Plaintiff has alleged that Defendant A.K. Steel Co. conducts business in Pennsylvania and Plaintiff is a "resident" of Pennsylvania.  However, as explained below, the Court is unable to determine if complete diversity actually exists as these allegations do not meet the requirements of 28 U.S.C. § 1332(c)(1). Likewise, the factual allegations regarding the citizenship of the other parties are deficient under Section 1332.  Therefore, the Court is unable to determine from the facts alleged in the Second Amended Complaint whether diversity of citizenship actually exists in this case.

First and foremost, Plaintiff has not alleged both the state of incorporation *and* the state of the principal place of business for A.K. Steel Co., the University Defendants, and ROIICO.  The case law is clear that to establish diversity jurisdiction, a complaint involving a corporate defendant must

11

allege both the state of incorporation and the state of the principal place of business. *Royal Ins. Co. of America v. Caleb V. Smith & Sons, Inc.,* 929 F.Supp. 606, 608 (D. Conn. 1996); *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n,* 219 F.R.D. 457, 464 (W.D. Wis. 2003), *rev'd on other grounds* 377 F.3d 682 (7th Cir. 2004). Second, Plaintiff has failed to allege his state of citizenship, as well as that of the Doctor Defendants and the "John and Mary Does 1-100." *Wolff v. A.H. Robins Co., Inc.,* 614 F.Supp. 1205, 1206 (N.D. Ill. 1985) (court declined to exercise diversity jurisdiction over products liability action where complaint alleged only residence but not state of citizenship of one defendant, failed to identify place of incorporation of one corporate defendant, and failed to refer at all to citizenship of two named defendants and various "John Doe" defendants). Third, Plaintiff has failed to allege the state of incorporation and the principal place of business of the "Doe Corporations, as well as the state of citizenship of the partners and/or members of the "Doe Partnerships or other entities 1-100." Fourth, it is unclear from the Second Amended Complaint whether A.K. Steel Co., the University Defendants, and ROIICO are corporations, or some other business entity.[9] In any event, it is insufficient to merely allege that a corporate defendant does

---

[9] For example, if A.K. Steel Co. is not a corporation, but a joint venture, the citizenship of the entities forming the JV is relevant for purposes of determining whether diversity is lacking. The citizenship of joint ventures and partnerships for purposes of diversity jurisdiction is determined by the citizenship of its individual members/partners. *Stuart v. Al Johnson Constr. Co.,* 236 F.Supp. 126, 128 (W.D.Pa. 1964); *Keith v. Black Diamond Advisors, Inc.,* 48 F.Supp.2d 326, 329 (S.D.N.Y. 1999) (citing *Carden v. Arkoma Associates,* 494 U.S. 185, 189, 195-95 (1990)). On the other hand, if A.K. Steel Co. is a subsidiary corporation, a subsidiary will generally have its own citizenship different from parent corporation for purposes of diversity jurisdiction, unless the subsidiary is not really a separate entity (alter ego exception). *Quaker State Dyeing & Finishing Co. v. ITT,* 461 F.2d 1140, 1142 (3d Cir. 1972) (citations omitted).

As to the University Defendants, it is unclear whether they are separate corporate entities or the alter egos of the State of Michigan; if shown to be in the latter category, the University Defendants would not be "citizens" of Michigan for purposes of diversity jurisdiction, because states are not "citizens of a state" for purposes of section 1332(a). *Maryland Stadium Auth. v. Ellerbe Becket, Inc.,* 407 F.3d 255, 256 (4th Cir. 2005) (citing *Moor v. Alameda County,* 411 U.S. 693, 717 (1973)). *See also, Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 412 (11th Cir. 1999) (citations omitted); *George R. Whitten, Jr., Inc. v. State Univ. Constr. Fund,* 493 F.2d 177, 182 (1st Cir. 1974; *Univ. Sys. of N.H. v. U.S. Gypsum Co.,* 756 F.Supp. 640, 644 (D.N.H. 1991) (citing *Moor v. Alameda, supra*) (other citations omitted). *But cf. Kovats v. Rutgers,* 822 F.2d 1303, 1310 (3d Cir. 1987) (concluding particular state university was not an arm of the State of New Jersey because it was originally a private university that was converted

business in a state, that a principal place of business is in a certain state, or that a corporation is licensed to do business in a certain state. *Royal Ins. Co.,* 929 F.Supp. at 608 (citing *J & R Ice Cream Corp. v. Calif. Smoothie Licensing Corp.,* 31 F.3d 1259, 1265 (3d Cir. 1994)) (other citations omitted). Accordingly, Plaintiff has failed to meet his burden of establishing that complete diversity exists in this case, and therefore, the Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1332.

### 2. Motion for Leave to Amend Complaint

At oral argument, Plaintiff requested that he be granted leave to file a third amended complaint to correct the infirmities in his Second Amended Complaint regarding diversity of citizenship. Plaintiff also requested leave to conduct limited discovery for purposes of establishing diversity jurisdiction.[10] In support of his request, Plaintiff cites *St. Francis Med. Ctr. v. Sullivan*, for the proposition that leave to amend pleadings to cure defective allegations of jurisdiction should be liberally granted in the interest of justice to avoid dismissal of suits on purely technical grounds. 962 F.2d 1110, 1117 (3d Cir. 1992) (citation omitted). Defendants oppose both of Plaintiff's requests, arguing that since the inception of this lawsuit in March of 2005, Plaintiff has filed three complaints: the original complaint and two amended complaints, all of which have failed to sufficiently allege a basis for the Court's subject matter jurisdiction. Defendants contend that Plaintiff is not entitled to an unlimited number of bites from the proverbial apple, and request that the Court dismiss Plaintiff's Second Amended Complaint with prejudice, citing *Rolo v. City Investing Co. Liquidating*

---

to a state university).

[10]Where the complaint is facially deficient, the deficiency cannot be cured by discovery. *Ketterson v. Wolf,* No. Civ. A. 99-689-JJF, 2001 WL 940909, *4 (D.Del. Aug. 14, 2001). Accordingly, the Court does not see any basis for granting Plaintiff's request for leave to conduct limited discovery at this time.

*Trust,* 155 F.3d 644, 659 (3d Cir. 1998), *abrogation on other grounds recognized in sub nom. Forbes v. Eagleson,* 228 F.3d 471 (3d Cir. 2000); *Krantz v. Prudential Investments Fund Mgmt. LLC,* 305 F.3d 140, 144 (3d Cir. 2002); *In re NAHC, Inc. Securities Litigation,* 306 F.3d 1314, 1332 (3d C ir. 2002); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108, 111, 113 (3d Cir. 2002); *Gasoline Sales, Inc. v. Aero Oil Co.,* 39 F.3d 70, 74 (3d Cir. 1994); and *Hemphill v. Meyerson,* 65 Fed. Appx. 776, 780-81 (3d Cir. 2003).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." In *Foman v. Davis,* the Supreme Court delineated the grounds that would justify denying leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment". *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is within the sound discretion of the district court; however, failure to provide a reason for denying leave to amend is considered an abuse of that discretion. *Id.*; *see also In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1434 (citing *Foman, supra*).

The reasons proffered by Defendants in support of denial of leave to amend the complaint and/or replead are Plaintiff's repeated failures to cure deficiencies by previous amended complaints, the futility and/or inequity of allowing the amendment, the frivolousness of Plaintiff's claims, and the failure to state a cause of action under Rule 12(b)(6). (Defs.'s Reply Br. at 4-5; Defs.' Supp. Br. at 4.) The Court finds that none of these reasons justifies denying Plaintiff leave to replead.

The cases cited by Defendants in support of denial to replead, based on repeated failures to cure deficiencies by previous amendments, are factually distinguishable. Those cases either involved

a situation such as in *Rolo*, where denial of leave to amend was based on a number of grounds besides repeated failures to cure the deficiencies, such as undue delay, bad faith and/or prejudice to the defendants,[11] or a situation such as in *Gasoline Sales,* where the court also found the proposed amendment to be futile.[12] Likewise, the district court in *In re NAHC, Inc. Sec. Litig.* denied leave to amend based on futility grounds. As explained below, this Court finds that allowing Plaintiff to replead jurisdictional facts will not necessarily be futile. Nor does the Court find that allowing Plaintiff one last attempt to correct the jurisdiction deficiencies in his complaint will cause unnecessary delay or prejudice to the Defendants.[13]

The decision in *Kranz* is also distinguishable. There the Court of Appeals affirmed the district court's denial of leave to amend the complaint where the court found plaintiff was placed on notice of the deficiencies and failed to correct them with his first amendment. 305 F.3d at 144 (citing *Rolo,* 155 F.3d at 654). Although, arguably, Plaintiff in the case at bar had notice of some

---

[11] 155 F.3d at 655 (citing *Adams v. Gould,* 739 F.2d 858, 863-64 (3d Cir. 1984)). In *Rolo*, Plaintiffs filed their complaint in November 1990, which was stayed until March 1993, pending disposition of the bankruptcy proceedings. 155 F.3d at 650. In May 1991, plaintiffs filed their first amended complaint, dropping named defendants and one of their claims, and adding new defendants. *Id.* at 651. Defendants filed a motion to dismiss which was granted in December 1993, without granting leave to file a further amended complaint. After remand from the Court of Appeals, the district court requested briefing from the parties regarding the appropriate actions on reconsideration, during which time plaintiffs filed a motion for leave to file a second amended complaint in June of 1995 to restate claims in light of a recent Third Circuit decision and to add and drop parties. *Id.* at 652. In August of 1995, the district court reaffirmed its dismissal of the case and its denial of further leave to amend the complaint. The Court of Appeals affirmed the district court's decision denying leave to amend in 1998 because the new legal analysis established in recent precedent did not form the basis for plaintiffs' requested amendments. *Id.* at 655.

[12] In *Gasoline Sales,* Plaintiff sought leave to file a third amended complaint in response to a motion to dismiss under Rule 12(b)(6) which included revised allegations of fact regarding two defendants and a new legal theory of liability for a violation of RICO. 39 F.3d at 73-74. The district court found that the proposed amendment repetitive and, in any event, futile, and therefore, denied leave to amend the complaint. *Id.* at 74.

[13] Although Defendants have argued that allowing Plaintiff to replead would be inequitable, they have failed to provide any explanation or basis for this conclusory statement. There is no suggestion that Plaintiff acted in bad faith or for improper motives. Therefore, Defendants have not demonstrated that granting leave would be inequitable. *Grayson*, 293 F.3d at 108.

of the jurisdictional deficiencies as a result of Defendant's first motion to dismiss, he was not made aware of the full extent of the deficiencies until the issuance of this Report and Recommendation. Therefore, giving Plaintiff the benefit of the doubt, the Court will allow Plaintiff one last opportunity to cure the jurisdictional deficiencies.

"Futility" has been found to exist where the proposed amended complaint fails to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1434 (citations omitted). The district court assesses futility under the same standard of legal sufficiency as a Rule 12(b)(6) motion. *Id.* (citations omitted). In the context of a motion to dismiss under Rule 12(b)(1), a proposed amended complaint will be deemed futile where, for example, the proposed amendments add allegations of citizenship of parties but these same allegations establish lack of complete diversity *and* that complete diversity could not be established in any complaint. *See Lowsley-Williams v. North River Ins. Co.,* 884 F.Supp. 166, 173 (D.N.J. 1995) (holding citizenship for insurance syndicate was to be determined by citizenship of all names participating in reinsurance contracts rather than on citizenship of underwriters representing syndicates; when plaintiff pled citizenship of all participating names, some of the defendants and plaintiffs were citizens of the same state, thus destroying complete diversity); *see also Morley v. Superior Court,* No. Civ. A. 03-6012, 2004 WL 377669, at * 4 (E.D.Pa. Feb. 26, 2004) (concluding that granting plaintiff leave to amend his complaint to include the names of state court judges in the caption would be futile because such revision had no bearing on the court's lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine).

In the instant matter, Defendants have failed to show that Plaintiff could not establish complete diversity in *any* complaint. In addition, at oral argument, Plaintiff made certain

representations about the citizenship of some of the parties which leads this Court to believe that he may be able to establish complete diversity. Therefore, the Court does not find, at this juncture, that it would be futile to allow Plaintiff to amend his complaint to cure the jurisdictional deficiencies.

Finally, whether a claim is frivolous or would not withstand a Rule 12(b)(6) motion is not a basis for denying leave to amend a complaint where the deficiency involves the court's subject matter jurisdiction. The frivolousness or legal insufficiency of a claim goes to the merits of the action, not this Court's subject matter jurisdiction. Accordingly, neither *Grayson* nor *Hemphill* cited by Defendants supports a denial of leave to amend the complaint and/or replead.

Recently, Plaintiff submitted a Proposed Amended Complaint (attached as Exhibit 1 to Doc. No. 45) that he has requested leave to file. However, the Proposed Amended Complaint contains many of the same deficiencies outlined above and therefore, does not establish diversity jurisdiction. For that reason, the Court denied Plaintiff's request for leave to file the Proposed Amended Complaint. *See* Court's Order dated October 17, 2005 (Doc. No. 46). However, as explained above, the Court will allow Plaintiff one last attempt to plead the necessary facts to establish subject matter jurisdiction. Plaintiff is cautioned that this will be the last time he will be allowed to amend his complaint to allege jurisdictional facts, and such amendment should take into consideration the requirements set forth previously in this Report and Recommendation to establish diversity of citizenship for the various parties.

III.   CONCLUSION

For the reasons set forth above, it is recommended that Defendants' Joint Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 24) be granted and

that the Second Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction. It is further recommended that Plaintiff be granted leave to file a Third Amended Complaint setting forth all necessary facts to establish complete diversity jurisdiction within twenty (20) days of the date of the District Court's Order. If no such amended complaint is filed within the time allowed, it is recommended that the District Court enter an order dismissing the case and directing the Clerk of Court to mark the case closed. It is further recommended that Defendants' Joint Motion to Dismiss pursuant to Rule 12(b)(6) be denied without prejudice, and that Defendants be allowed to renew said motion if Plaintiff files a timely amended complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Report and Recommendation to file objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: October 27, 2005                                          BY THE COURT:


   s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
U.S. MAGISTRATE JUDGE

cc:    Honorable David S. Cercone
       United States District Court

George Chada
Workplace Exposure Group
221 Summit Ave.
Natrona Heights, PA 15065-9710

Stephen Houghton
Peter T. Stinson
Justin M. Gottwald
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

James F. Israel
Israel, Wood & Grimm
420 Fort Duquesne Boulevard
Suite 700
Pittsburgh, PA 15222

Jeanette H. Ho
Tyler J. Smith
Pietragallo, Bosick & Gordon
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219